IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRACY JOHNSON

    vs.

2:13-CV-631
2:00-CR-0024(2)
**Judge Graham**
**Magistrate Judge King**

UNITED STATES OF AMERICA

## OPINION AND ORDER

Petitioner was convicted of conspiracy in violation of 21 U.S.C. § 846, two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841 and two counts of carrying and brandishing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). *Judgment*, Doc. No. 66. On December 23, 2003, petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, claiming that the United States Sentencing Guidelines are unconstitutional as applied to him, that the Court lacked jurisdiction to convict or sentence him because count one failed to charge a crime, that an informant's testimony denied him due process of law and a fair trial and that he was denied the effective assistance of counsel. *Motion to Vacate*, Doc. No. 82. The Court dismissed that matter on January 25, 2005, *Opinion and Order*, Doc. No. 121, and the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *Johnson v. United States of America*, Case No. 07-3208 (6th Cir. Oct. 15, 2007). The United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Johnson v. United States*, 555 U.S. 978 (2008).

On June 27, 2013, petitioner filed a document captioned "*Request the Court to Take Judicial Notice*," Doc. No. 151, in which petitioner

alleges that *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151 (2013), requires that this Court revisit petitioner's convictions under 18 U.S.C. § 924(c) and its dismissal of his earlier claims of ineffective assistance of counsel. In a *Report and Recommendation* dated July 1, 2013, the United States Magistrate Judge construed the filing as a successive petition under 28 U.S.C. § 2255 and recommended that the matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2255(h).

This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, Doc. No. 155. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Petitioner contends that the current matter does not constitute a successive petition. It is true that a numerically second petition is not necessarily a "second or successive" petitioner if it is grounded on claims whose factual predicates arose after the filing of the original petition. *See, e.g., Panetti v. Quarterman*, 551 U.S. 930 (2007)(prior findings of competency do not foreclose a prisoner from proving that he is presently incompetent for execution); *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010)("limitations on successive petitions do not apply to a numerically second petition challenging a parole determination or disciplinary proceeding that occurred after the prisoner's initial petition was filed"). In the current matter, however, petitioner alleges that an intervening change in the law – *i.e., Alleyne* – further supports his earlier claim that his convictions under 18 U.S.C. § 924(c) were unlawful.

This claim is properly characterized as a second or successive petition within the meaning of 28 U.S.C. § 2255(h). *See Simpson v.*

2

*United States*, 721 F.3d 875, 876 (7th Cir. 2013). *See also Williams v. United States*, 2013 WL 4083274, *2 (W.D. N.C. Aug, 13, 2013); *Scott v. United States*, 2013 WL 4077546. *1 (S.D.Ga. Aug. 12, 2013); *Allen v. United States*, 2013 WL 3874075, *1 (C.D.Ill July 26, 2013); *McCaskill v. United States*, 2013 WL 3817426, *2 (E.D. Mich. July 23, 2013).

The matter must therefore be transferred to the United States Court of Appeals for the Sixth Circuit. That Court will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In short, the Court **DENIES** petitioner's *Objection*, Doc. No. 155, and **ADOPTS AND AFFIRMS** the *Report and Recommendation*, Doc. No. 153. The matter is **ORDERED TRANSFERRED** to the United States Court of Appeals pursuant to § 2255(h) as a second or successive petition under 28 U.S.C. § 2255.

Petitioner's *Motion for Summary Vacatur* of his convictions, Doc. No. 156, is **DENIED** as moot.

Date: September 12, 2013

James L. Graham
United States District Judge

3